ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| **AIRAMSERET OLMO RIVERA**<br><br>Recurrido<br><br>vs.<br><br>**CONSEJO DE TITULARES DEL CONDOMINIO PARQUE CENTRO**<br><br>Recurrente | KLRA202500009<br><br><br><br><br><br>consolidado con | **REVISIÓN** procedente del Departamento de Asuntos del Consumidor<br><br>Caso Núm. C-SAN-2022-0010442<br><br>Sobre: Ley de Condominios |
| **AIRAMSERET OLMO RIVERA**<br><br>Recurrente<br><br>vs.<br><br>**CONSEJO DE TITULARES DEL CONDOMINIO PARQUE CENTRO y otros**<br><br>Recurrido | KLRA202500017 | **REVISIÓN** procedente del Departamento de Asuntos del Consumidor<br><br>Caso Núm. C-SAN-2022-0010442<br><br>Sobre: Ley de Condominios |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

Cintrón Cintrón, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 26 de junio de 2025.

Comparece el Consejo de Titulares del Condominio Parque Centro (Consejo de Titulares o parte querellada) mediante *Solicitud de Revisión* en el caso *KLRA202500009* y solicita que modifiquemos la *Resolución* emitida el 8 de noviembre de 2024 por el Departamento de Asuntos del Consumidor (DACo). Mediante dicho dictamen, entre otras cosas, el DACo ordenó al Consejo de Titulares reparar en un término de sesenta (60) días las filtraciones y la humedad del apartamento de la Sra. Airamseret Olmo Rivera (señora Olmo Rivera

---

[1] Véase *Orden Administrativa DJ 2024-062C* de 6 de mayo de 2025, sobre enmienda a la orden de designación de Paneles en el Tribunal de Apelaciones.

o parte querellante) y desestimó la causa de acción por daños por esta instada. Asimismo, el foro administrativo determinó que el Consejo de Titulares incurrió en temeridad, por lo que le impuso la suma de dos mil dólares ($2,000.00) en concepto de honorarios de abogado a favor de la señora Olmo Rivera.

A su vez, comparece la señora Olmo Rivera mediante recurso de *Revisión Administrativa* en el caso *KLRA202500017* y nos solicita también que revisemos la *Resolución* antes mencionada, señalando que el DACo había errado en su apreciación de la prueba.

Por los fundamentos que expresamos a continuación, confirmamos la *Resolución* recurrida.

## I.

Según surge del expediente, el caso de autos se originó el 11 de enero de 2022, cuando la señora Olmo Rivera instó una Querella en contra del Consejo de Titulares y la Junta de Directores del Condominio Parque Centro sobre violación a la Ley 104 de 25 de junio de 1958, según enmendada, conocida como Ley de Condominios. En esencia, la parte querellante alegó que su propiedad, ubicada en el Condominio Parque Centro en San Juan, sufría de problemas de filtración y humedad, los cuales la parte querellada no corrigió aun cuando le fueron notificados en múltiples ocasiones. Asimismo, la señora Olmo Rivera manifestó que las filtraciones, producto de la falta de mantenimiento a la parte externa del edificio, provocaron diversos daños en el interior de su apartamento.[2]

El 4 de febrero de 2022, el Consejo de Titulares compareció mediante *Contestación a la Querella*. En su escrito, aceptó haber

---

[2] En específico, la señora Olmo Rivera alegó que ha tenido problemas de filtración en las paredes del clóset del cuarto máster y en las paredes aledañas a su cocina. En ese sentido, manifestó que "[e]n octubre de 2019 encontr[ó] que la ropa que estaba en las tablillas se había pegado a la madera y pared, que los paneles de madera se habían abierto y que la ropa se había puesto amarilla y tenía hongo" y añadió que perdió el gabinete de su cocina.

sido notificado del asunto, pero aclaró que el mismo estaba siendo atendido pues se encontraban realizando reparaciones dirigidas a corregir los problemas recurrentes de filtraciones. Alegó además que el problema se estaba trabajando de manera diligente, según las circunstancias lo permitían, por lo que ello demostraba que el Consejo de Titulares, la Administración y la Junta de Directores del Condominio habían cumplido con sus responsabilidades conforme a la ley y el reglamento.

Luego, el 5 de abril de 2022, el DACo les notificó a las partes una *Citación de Inspección* para el 8 de junio de 2022 en el Condominio Parque Centro, Apartamento L-5 del Edificio Caoba. Efectuada la misma, el 23 de septiembre de 2022, el inspector emitió su *Informe de Inspección Construcción* en el que señaló que el apartamento presentaba un visible deterioro en la pared de la cocina y que el cuarto presentaba humedad constante por filtraciones, situación que se agravaba cuando llovía; y al subir al techo encontró visible deterioro en el producto instalado Por último, realizó un estimado de gastos por concepto de reparaciones y recomendó que se realizara un peritaje adicional que evaluara la estructura del edificio en su totalidad para que se realizaran observaciones basado en los elementos comunales.

Así las cosas, el 11 de octubre de 2022, la parte querellante presentó *Moción Informativa en Cuanto a la Orden Relacionada con el Informe de Inspección de Construcción por el Inspector de DACO.* En esta, objetó la cantidad asignada para gastos de reparaciones y notificó que estaría utilizando los servicios un perito adicional. De otra parte, en la misma fecha, el Consejo de Titulares, presentó también su posición mediante *Moción de Réplica al Informe de Investigación.* Allí señaló, entre otras cosas, que la conclusión del inspector en cuanto a que la lluvia agravaba la situación carecía de fundamentos de hechos pues cuando se realizó la inspección no

estaba lloviendo. Además, la parte querellada refutó que no le correspondía pagar los costos asociados a la reparación del interior del apartamento de la señora Olmo Rivera pues sostuvo que esta no mitigó los alegados daños sufridos.

Ahora bien, el 26 de enero de 2023, la parte querellante presentó *Querella Enmendada*. Mediante la misma, reclamó daños y perjuicios por razón de angustias mentales como consecuencia de las filtraciones provenientes de elementos comunales en el condominio. En ese sentido, la señora Olmo Rivera alegó que las filtraciones, producto de la falta de sellado entre las juntas de construcción entre piso y pared de todo el edificio, le provocaron daños continuos, obligándola a tener que dejar de residir en su apartamento. En consonancia, solicitó que se condenara a la parte querellada a indemnizarle por una suma no menor de ciento cincuenta mil dólares ($150,000.00) en concepto de daños y angustias mentales.

Posteriormente, el 18 de febrero de 2023, el Consejo de Titulares presentó su *Contestación a la Querella Enmendada*. Alegó la parte querellada que la señora Olmo Rivera, al momento de adquirir el apartamento, tenía conocimiento de que este presentaba problemas de filtraciones, por lo que cualquier daño, si alguno, era previsible y causado por su falta de mitigación. Además, aseveró haber realizado un proyecto de sellado en todo el condominio para corregir el problema.

Luego de varias incidencias procesales, los días 25 de enero, 9 y 14 de mayo y 25 de junio de 2024 se celebró la vista administrativa. En esta etapa de los procedimientos testificaron, la señora Olmo Rivera, el Sr. Francisco Laborde, el ingeniero Juan Goyco Graziani, la Dra. María del Mar Torres Suria y el Sr. Luis Daniel Rosario Rosario.

Evaluadas las posturas de las partes, el 8 de noviembre de 2024, el DACo emitió la *Resolución* recurrida. Mediante la misma, ordenó al Consejo de Titulares a reparar satisfactoriamente las filtraciones y la humedad reflejadas en la parte exterior del apartamento de la señora Olmo Rivera. A su vez, determinó que una vez la parte querellada certificase que los defectos que dieron origen a las filtraciones fueron debidamente corregidos, debía realizar las labores de reparación en el interior del apartamento, resanando y pintando las áreas afectadas por las filtraciones. Por otro lado, el foro administrativo desestimó la causa de acción por daños y perjuicios y concluyó que el Consejo de Titulares incurrió en temeridad, por lo que le impuso la suma de dos mil dólares ($2,000.00) en concepto de honorarios de abogado a favor de la parte querellante.

Empero, el 26 de noviembre de 2024, el Consejo de Titulares, mediante *Solicitud de Reconsideración*, discrepó de la determinación de temeridad y la imposición de honorarios de abogado en su contra.

Transcurrido el plazo de quince (15) días sin que la agencia actuara sobre el referido recurso, el 8 de enero de 2025, el Consejo de Titulares recurrió ante este foro revisor mediante *Solicitud de Revisión* (KLRA2025-00009) señalando los siguientes errores:

> El D.A.C.O. cometió un error al determinar que la parte recurrida incurrió en temeridad y por tal razón imponerle el pago de $2,000.00 por concepto de honorarios de abogado a favor de la parte recurrida.

> El D.A.C.O. cometió un error al no permitir a la parte recurrente realizar descubrimiento de prueba.

Luego, el 10 de enero de 2025, la señora Olmo Rivera instó su recurso de *Revisión Administrativa* (KLRA2025-00017). En este alega que el foro administrativo cometió los siguientes errores:

> Erró el Honorable Departamento de Asuntos al Consumidor en la apreciación de la prueba presentada por la apelante; lo que produjo error manifiesto y abuso de discreción lo que conlleva la modificación de la

resolución administrativa por ser violatoria del debido proceso de ley.

Erró el Honorable Departamento de Asuntos al Consumidor al concluir que no procede la indemnización por daños y perjuicios, por entender la recurrente no demostró su existencia o valoración.

Con el beneficio de la comparecencia de todas las partes, así como, la transcripción de la prueba oral, estamos en posición de resolver.

## II.

### A.

Sabido es que los tribunales apelativos están llamados a otorgar amplia deferencia a las decisiones de las agencias administrativas. *Graciani Rodríguez v. Garage Isla Verde*, 202 DPR 117, 126 (2019); *Vélez v. ARPE,* 167 DPR 684, 693 (2006); *Otero v. Toyota*, 163 DPR 716, 727 (2005). Al evaluar la decisión de una agencia, el tribunal debe determinar si ésta actuó de forma arbitraria, ilegal o irrazonable, constituyendo sus actuaciones un abuso de discreción. El criterio rector es la razonabilidad de la agencia recurrida. Véase, *Torres Rivera v. Policía de PR*, 196 DPR 606, 626 (2016); *IFCO Recycling v. Aut. Desp. Sólidos*, 184 DPR 712, 746 (2012); *García Reyes v. Cruz Auto Corp.*, 173 DPR 870, 892 (2008).

Así, al momento de evaluar una decisión administrativa, los tribunales tomarán en consideración, no solo la especialización y experiencia de la agencia sobre las controversias que tuviera ante sí, sino que también deben distinguir entre cuestiones relacionadas a la interpretación de las leyes —donde los tribunales son los especialistas— y aquellos asuntos propios para la discreción o pericia administrativa. *García Reyes v. Cruz Auto Corp.*, supra, pág. 892. Véanse, además, *Super Asphalt v. AFI y otros*, 206 DPR 803, 820 (2021); *Capó Cruz v. Jta. Planificación*, 204 DPR 581 (2020); *Román Ortiz v. OGPe*, 203 DPR 947 (2020).

Al aplicar el criterio de razonabilidad y deferencia, se ha dispuesto por la jurisprudencia que los foros apelativos no deben intervenir con las determinaciones de hechos que las agencias formulan, si las mismas están sostenidas por evidencia sustancial que obre en el expediente administrativo.[3] Bajo dicho escenario, los foros apelativos deben sostenerlas. Sec. 4.5 de la LPAU, 3 LPRA sec. 9675. Véase también, *Daco v. Toys "R" Us*, 191 DPR 760, 764 (2014); *Asoc. Vec. H. San Jorge v. U. Med. Corp.*, 150 DPR 70, 75 (2000).

Ahora bien, debido a que las resoluciones de los organismos administrativos gozan de una presunción de legalidad y corrección, quien las impugne tiene el peso de la prueba, por lo que deberá presentar evidencia suficiente para derrotar la presunción que estas poseen. *Transp. Sonell v. Jta. Subastas ACT*, 2024 TSPR 82, 214 DPR ____ (2024); *García Reyes v. Cruz Auto Corp.*, supra, pág. 893; *Pacheco v. Estancias*, 160 DPR 409, 431 (2003). De lo anterior, surge claramente que la carga probatoria le corresponde a la parte recurrente. Si incumple, la decisión administrativa deberá ser respetada por el foro apelativo.

Empero, debemos puntualizar que los tribunales estamos llamados a ejercer un juicio independiente al evaluar las conclusiones de derecho y las interpretaciones que realizan las agencias sobre la ley que le corresponde administrar. En ese sentido, nuestro más Alto Foro pautó que no debemos guiarnos por una deferencia automática sobre las interpretaciones de las agencias administrativas. Ello debido a que es deber de los tribunales revisar las conclusiones de derecho en todos sus aspectos. *Vázquez v. Consejo de Titulares*, 2025 TSPR 56, 215 DPR ___ (2025).

---

[3] Evidencia sustancial es aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Otero v. Toyota*, supra, pág. 728.

### III.

**KLRA202500009:**

En su primer señalamiento de error, el Consejo de Titulares sostiene que incidió el DACo al determinar que incurrió en temeridad y, por tal razón, imponerle el pago de dos mil dólares ($2,000.00) por concepto de honorarios de abogado a favor de la señora Olmo Rivera.

Sobre este particular, el Consejo de Titulares puntualiza que, en el momento en que la señora Olmo Rivera radicó la querella, ya se encontraban realizando los trámites necesarios para atender el problema de filtración. Asimismo, arguye que la señora Olmo Rivera presentó evidencia de que el problema de filtración provenía de una pared comunal luego de más de un año de haber obtenido el informe pericial, lo que de haber sido presentado antes hubiese permitido que el Consejo de Titulares tomara acciones adicionales. Por ello, manifiesta que la parte querellante estaba impedida por sus propios actos de alegar que el Consejo de Titulares no fue diligente al atender el asunto y reparar el que se consideraba era el origen del problema.

Como es bien sabido, nuestro derecho procesal civil le concede al foro de instancia la facultad para imponer el pago de honorarios de abogado a la parte litigante que obró de forma temeraria o frívola. Regla 44.1(d) de Procedimiento Civil, 32 LPRA Ap. V, R.44.1(d); *González Ramos v. Pacheco Romero*, 209 DPR 138, 145 (2022). Es decir, cuando existe temeridad, la imposición de honorarios a dicha parte es obligatoria. *Blás v. Hosp. Guadalupe,* 146 DPR 267, 334 (1998). Ahora bien, en los casos en que se imponga honorarios de abogados, la cuantía concedida no variará en la apelación a menos que esta sea excesiva, exigua o haya constituido un abuso de la discreción del tribunal apelado. *Andamios de PR v. JPH Contractors, Corp.,* 179 DPR 503,

520 (2010); *Ramírez Anglada v. Club Cala de Palmas,* 123 DPR 339, 350 (1989).

De otra parte, la Ley 38 de 30 de junio de 2017, según enmendada, también conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico,* proveyó para que las agencias al ejercer sus funciones cuasi judiciales pudieran imponer costas y honorarios de abogados, en las mismas circunstancias dispuestas bajo la Regla 44 de Procedimiento Civil. 3 LPRA sec. 9661c. A su vez, la propia Ley 129 de 16 de agosto de 2020, según enmendada, también conocida como *Ley de Condominios,* dispuso que el foro en el que se diluciden las querellas presentadas por los titulares le impondrá a la parte que hubiese procedido con temeridad el pago de costas y honorarios de abogado. 31 LPRA sec. 1923j.

Luego de un análisis objetivo, sereno y cuidadoso del recurso ante nuestra consideración, a la luz de las normas jurídicas pormenorizadas, resolvemos que no se cometió el error señalado.

Al ser discrecional la facultad de imponer honorarios por temeridad, este tribunal reitera su posición de no intervenir con la apreciación que realizó DACo. Esta sanción es producto del examen de la prueba y del proceder del Consejo de Titulares en la tramitación del caso, específicamente de su comportamiento. Ello debido a que el Consejo de Titulares fue notificado de los problemas de filtración desde el año 2019 y por su inacción, la señora Olmo Rivera tuvo que recurrir a presentar una querella. De forma que, la conducta del Consejo de Titulares movió al foro administrativo a tal determinación. Ante la ausencia de una determinación irrazonable y, toda vez que la cuantía de $2,000.00 impuesta no nos parece excesiva, no intervendremos con la decisión del foro administrativo.

Como segundo error, plantea el Consejo de Titulares que el DACo cometió un error al no permitirle realizar descubrimiento de

prueba. Empero, advierte que, pese a que el foro administrativo cometió error al no permitirle realizar descubrimiento de prueba en cuanto a las alegaciones de daños y angustias mentales formuladas por la parte querellante, este no le fue perjudicial debido a que el foro administrativo desestimó dicha parte de la reclamación.

Ante la determinación recurrida en el recurso KLAN202500017 resulta innecesario atender en los méritos este señalamiento de error.

**KLRA202500017:**

Por su estrecha relación, discutiremos de forma conjunta los errores señalados por la señora Olmo Rivera.

En su recurso, la parte querellante sostiene como primer error que incidió el DACo en la apreciación de la prueba, lo que produjo error manifiesto y abuso de discreción y conlleva la modificación de la resolución administrativa por ser violatoria del debido proceso de ley. Asimismo, puntualiza en su segundo señalamiento de error que erró el DACo al concluir que no procede la indemnización por daños y perjuicios, tras entender que no demostró su existencia o valoración.

La señora Olmo Rivera arguye que el foro administrativo incurrió en error en la interpretación del derecho y en la evaluación de la prueba desfilada al determinar que no se aportó prueba suficiente para establecer los daños alegados en la querella. Sostiene también que el foro administrativo no recogió aspectos medulares del testimonio de la doctora Torres Suria en sus conclusiones, como fue lo relacionado a los resultados de las pruebas administradas a la señora Olmo Rivera. Por ello, concluye que la prueba desfilada en el juicio reflejó que los problemas de filtración afectaron su salud emocional y física.

Ahora bien, como norma general, los tribunales apelativos no intervendremos con las determinaciones de hechos, con

la apreciación de la prueba, ni con la adjudicación de credibilidad efectuadas por el TPI [o los foros administrativos], salvo en situaciones en que éste haya incurrido en pasión, prejuicio, parcialidad o error manifiesto. *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 753 (2013); *Gómez Márquez et al. v. El Oriental*, 203 DPR 783, 793 (2020).

En este caso, al examinar cuidadosamente la transcripción de la prueba oral, concluimos que no debemos intervenir con la apreciación de la prueba testifical, ni con la adjudicación de credibilidad que el foro administrativo les confirió a los testigos.

Del testimonio de la doctora Torres Suria se desprende que ésta solo utilizó la información provista por la señora Olmo Rivera para sustentar sus conclusiones. En específico, la perita señaló que, la señora Olmo Rivera realizó una solicitud de evaluación psicológica debido a que ello le fue recomendado para su litigio y añadió que, aun cuando no leyó la querella para evaluar a la parte querellante, sí la utilizó para preparar su informe psicológico. En ese sentido, la perita detalló que realizó su informe basado en las pruebas administradas a la señora Olmo Rivera y en la información provista por esta en su entrevista. Por último, declaró que su informe sobre el FBS-93, *Fake Best Scale*, evidenciaba un resultado elevado, lo cual podía indicar que la señora Olmo Rivera intentó exagerar lo expresado.[4]

Así las cosas, al evaluar la prueba presentada, el foro administrativo concluyó que aun cuando la señora Olmo Rivera contó con el testimonio de la doctora Torres Suria para sustentar las alegaciones relacionadas a su salud emocional y cómo se vio afectada por las omisiones del Consejo de Titulares, la perita no concluyó que existiera una relación causal entre estas y la condición

---

[4] Transcripción de la Prueba Oral (TPO) del 14 de mayo de 2024, págs. 11, 34, 48-50.

del trastorno de ansiedad generalizada. Cónsono con lo anterior, el DACo determinó que la señora Olmo Rivera no probó la existencia de daños y angustias mentales.

De la *Resolución* recurrida se desprende además que, el juzgador consignó los fundamentos por los cuales no le brindó mayor credibilidad al testimonio de la doctora Torres Suria y el informe preparado por esta. Pesó en el criterio del juez administrativo que la doctora Torres Suria basó su conclusión exclusivamente en lo expresado por la señora Olmo Rivera sin considerar ni evaluar otra evidencia que pudiera establecer que los síntomas alegados por la parte querellante eran reales y no meramente parte de una posible exageración de sintomatología psicológica.

Por todo lo anterior, somos del criterio de que la prueba testifical vertida en el juicio le mereció la credibilidad otorgada por el juzgador. La prueba presentada no es suficiente para adjudicar responsabilidad por daños y angustias mentales al Consejo de Titulares. Ello con mayor razón cuando del propio testimonio de la señora Olmo Rivera se desprende que esta residió en el referido apartamento a lo largo de toda su vida y que al momento de adquirirlo ya conocía del problema de filtración.[5] Así, colegimos que, en efecto, la señora Olmo Rivera no demostró una relación causal entre los alegados daños que sufrió y los problemas de filtración en su apartamento. Siendo así, no percibimos que medió pasión, prejuicio, parcialidad o abuso de discreción en la apreciación de la prueba por parte del juzgador de hechos. No se cometieron los errores señalados.

---

[5] Transcripción de la Prueba Oral (TPO) del 9 de mayo de 2024, págs. 29-34.

**IV.**

Por los fundamentos antes esbozados, ***confirmamos*** la *Resolución* del 8 de noviembre de 2024 emitida por el Departamento de Asuntos del Consumidor.

Lo acordó el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones